UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD EUGENE TATUM, | No. 2:15-cv-551-EFB P |
| Plaintiff, | |
| v. | ORDER |
| JEFFREY A. BEARD, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel and in forma pauperis in an action brought under 42 U.S.C. § 1983. He was ordered to file an amended complaint, ECF No. 8, and he subsequently filed two amended complaints, two declarations in support of the amended complaints, over fifty pages of exhibits, a "notice of mistakes" contained in earlier filings, and a motion to compel service of the complaint (ECF Nos. 12, 15, 16, 17, 18, 20), all of which must now be reviewed under 28 U.S.C. § 1915A(a).

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

1

As noted, there are now two amended complaints. ECF Nos. 12 & 15. In screening this action, the court looks to the most recently filed complaint. ECF No. 15. *See Hal Roach Studios, Inc. v. Richard Feiner & Co.,* 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that an amended pleading supersedes the original). But plaintiff's subsequently filed notice and declarations indicate that he wants to further amend or add to his complaint in a piecemeal fashion through separate filings. This is not the proper procedure for amending the existing complaint.[1]

An amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)). Accordingly, plaintiff may not amend his complaint in such a piecemeal fashion. Filing separate documents that are intended to be read together and taken as a single complaint is not permitted. If plaintiff wishes to add, omit, or correct information in the operative complaint, he must file an amended complaint that is complete within itself. Plaintiff's amended complaint is therefore dismissed with leave to amend in accordance with the requirements set forth in this order.[2]

When a plaintiff is allowed to amend his complaint, he must write or type the amended complaint so that it is complete in itself without reference to any earlier filed complaint. L.R. 220. That is, plaintiff must file a single amended complaint that includes all information relevant to his claim(s).

Any amended complaint shall clearly set forth the claims and allegations against each defendant, and must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if

---

[1] In addition, plaintiff is reminded that the court is not a repository for his evidence and he shall not file documentary evidence in support of his claims unless it is necessary for the resolution of a motion.

[2] In light of this order, plaintiff's motion to compel service of the complaint is denied as moot.

2

he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Any amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).

Plaintiff is cautioned that he not join unrelated claims against different defendants in a single complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may join, [] as independent or as alternate claims, as many claims . . . as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Although plaintiff's allegations are held to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam), plaintiff is required to comply with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of California. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) (procedural requirements apply to all litigants, including prisoners lacking access to counsel); L.R. 183(a)
/////

("Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law.").

Accordingly, IT IS HEREBY ORDERED that:

1. The amended complaint (ECF No. 15) (and the intended amendments thereto (ECF Nos 16, 17, 18) is dismissed with leave to amend within 30 days. The amended complaint must bear the docket number assigned to this case and be titled "Second Amended Complaint." Failure to comply with this order may result in this action being dismissed for failure to prosecute. If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

2. Plaintiff's motion to compel service of the complaint (ECF No. 20) is denied as moot.

Dated: April 27, 2017.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE